UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM ERRICO, et al.<br><br>Plaintiffs,<br><br>v.<br><br>STATE BAR OF NEVADA, *et al.*,<br><br>Defendants. | Case No. 2:16-cv-01159-APG-NJK<br><br>**ORDER DISMISSING CASE**<br><br>(ECF No. 62) |

    The parties are familiar with the factual background and procedural history of this case, so I will not repeat them here. In short, I previously dismissed the Complaint filed by plaintiffs William Errico and his law firm, but gave them leave to amend to try to fix the defects. They filed a First Amended Complaint but that, too, is fatally defective. I therefore dismiss this case.

    Errico is the subject of an on-going disciplinary action by the State Bar of Nevada. He has sued the Bar and its former Bar Counsel (David Clark), asserting that Clark improperly shared information about him and his disciplinary action with a lawyer (James Christensen) who was representing some of Errico's former clients in malpractice suits against him. Errico's original Complaint alleged that Clark and the Bar operated a secret "Shadow Network" of lawyers hand-picked by Clark to file malpractice suits against targeted lawyers being investigated by the Bar.[1] Errico has dropped that theory, but now alleges that Clark—through the Bar or Christensen—is operating a RICO enterprise to extort and defraud Errico through the attorney disciplinary process and legal malpractice suits.[2] Errico also asserts a state law claim of invasion of privacy against Clark and a claim under 42 U.S.C. § 1983 against both Clark and the Bar.[3]

---

[1] ECF No. 1 at 4.

[2] ECF No. 59 at 21-26.

[3] *Id.* at 19-21.

The Bar and Clark move to dismiss the First Amended Complaint.[4] The Bar is not a "person" amenable to suit under § 1983 and it is immune under the Eleventh Amendment. As to Clark, Errico fails to allege a violation of a constitutional right, so he cannot maintain his § 1983 claim. Nor can he show that Clark's actions proximately caused Errico's injuries, which negates his RICO claim. I therefore dismiss Errico's federal claims in his First Amended Complaint and decline to exercise supplemental jurisdiction over his state law claim.

## I. ANALYSIS

### A. Legal Standards

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."[5] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[6] "Factual allegations must be enough to rise above the speculative level."[7] To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face."[8]

District courts must apply a two-step approach when considering motions to dismiss.[9] First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor.[10] Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations.[11] Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

---

[4] ECF No. 62.
[5] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[6] *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009).
[7] *Twombly*, 550 U.S. at 555.
[8] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).
[9] *Id.* at 679.
[10] *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013).
[11] *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.

suffice.[12]  Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[13]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[14]  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief."[15]  When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed.[16]  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense."[17]

**B.    Section 1983 claims**

I previously ruled that Clark in his official capacity and the Bar are not "persons" for purposes of 42 U.S.C. § 1983.[18]  Errico again asserts a § 1983 claim against the Bar, but now also sues Clark in his individual capacity.[19]

This court has long held that the Bar is not a "person" under § 1983,[20] and that the Bar is immune from suit under the Eleventh Amendment.[21]  Thus, Errico's § 1983 claim against the Bar is dismissed with prejudice.[22]

---

[12] *Iqbal*, 556 U.S. at 678.

[13] *Id.* at 679.

[14] *Id.* at 663.

[15] *Id.* at 679 (internal quotation marks and citation omitted).

[16] *Twombly*, 550 U.S. at 570.

[17] *Iqbal*, 556 U.S. at 679.

[18] ECF No. 38 at 25.

[19] ECF No. 59 at 2-3.

[20] *O'Connor v. State of Nev.*, 507 F. Supp. 546, 550 (D. Nev. 1981).

[21] *Id.*

[22] Errico attempts to avoid dismissal of his claim against the Bar by asserting he has "pled sufficiently for injunctive relief." ECF No. 63 at 22-23.  However, Errico does not request injunctive relief in his First Amended Complaint. *See* ECF No. 59 at 26-27 (seeking only monetary damages).  Moreover, Errico fails to explain what injunctive relief he could request.

As to Clark, it is possible for Errico to assert a § 1983 claim against him in his personal capacity.

> State officers sued for damages in their official capacity are not "persons" for purposes of the suit because they assume the identity of the government that employs them.... By contrast, officers sued in their personal capacity come to court as individuals. A government official in the role of personal-capacity defendant thus fits comfortably within the statutory term "person."[23]

However, Errico has not asserted a plausible § 1983 claim against Clark because he has failed to allege a violation of a constitutional right that would support that claim.

Although Errico claims his right to financial privacy was violated, he cites no authority recognizing a constitutionally protected right to privacy in financial records. He bases his claim on Nevada Supreme Court Rule 121(1), which provides that "[a]ll proceedings involving allegations of misconduct by an attorney shall be kept confidential until the filing of a formal complaint." However, Supreme Court Rule 121(16) states that "[t]hese rules shall not prohibit any complainant, the accused attorney, or any witnesses from discussing publicly the existence of the proceedings under these rules or the underlying facts related thereto." Indeed, instances could arise when the Bar or Bar Counsel should disclose disciplinary concerns in order to protect the public (e.g., discovery of an on-going fraud committed by a lawyer against his clients) or to refer a client/victim to another lawyer who can protect the victim's rights. Regardless, Errico has not demonstrated the violation of a constitutionally protected right to financial privacy.

Nor have Errico's procedural due process rights been violated. Clark is not prosecuting Errico in the Bar's pending disciplinary proceeding, so he is not an "interested prosecutor."[24] In fact, Clark no longer works for the Bar so he would not be involved any further. The Bar's disciplinary proceedings against Errico apparently have not concluded, and Errico proffers nothing to suggest that those proceedings will not be fair with Clark no longer participating.

---

Clark is no longer employed by the Bar, and thus can no longer engage in the alleged conduct Errico complains of. There is no conduct to enjoin prospectively.

[23] *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

[24] ECF No. 63 at 15-19; ECF No. 59 at 19.

Errico also alleges a deprivation of his substantive due process rights. Substantive due process protects individuals from action by the government that "shocks the conscience."[25] The bar to prove such a claim is very high. "[I]n order to establish a constitutional violation based on substantive due process, [a plaintiff] must show both a deprivation of her [life, property, or] liberty and conscience shocking behavior by the government."[26] It does not shock the conscience that the Bar or Bar Counsel would assist victims of attorney malpractice to protect themselves and enforce their rights by referring them to private attorneys. Errico alleges that Clark provided financial records to Christensen, which were subsequently used in malpractice cases against Errico. Even if true, that does not shock the conscience. Moreover, Christensen could have obtained those same documents through the discovery process in the malpractice cases. And Errico gave his financial documents directly to at least one of his client/victims.[27] Errico's allegations that Clark received kickbacks from Christensen for providing Errico's financial information are conclusory and lack plausible factual allegations.[28] Those allegations do not rise above the level of speculation.[29]

Finally, in his opposition to the motion to dismiss, Errico attempts to renew his equal protection claim that I dismissed previously.[30] Yet nowhere in the First Amended Complaint does Errico assert an equal protection violation as a basis for his § 1983 claim, so he cannot raise it in an opposition to a motion. But even if I consider Errico's putative equal protection claim, it fails on its merits. Errico has never been able to identify a protected class of which he is a

---

[25] *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (citation omitted).

[26] *Id.* Even the case cited by Errico, *United States v. Russell*, holds that a violation of substantive due process occurs only when an act violates "that fundamental fairness, shocking to the universal sense of justice, mandated by the Due Process Clause . . . ." 411 U.S. 423, 431-32 (1973) (citation omitted).

[27] ECF No. 62-3 at 3, 11, 21; ECF No. 62-4 at 2-4.

[28] Clark denies under oath that he received kickbacks from Christensen or referred pending discipline matters to counsel for fees. ECF No. 12-2 at 3; ECF No. 62-2 at 3. However, I cannot rely on those denials in deciding the motion to dismiss.

[29] *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 679.

[30] ECF No. 63 at 20-21.

member for purposes of equal protection analysis.[31] Instead, Errico now claims that he is a "class of one."[32] The case Errico relies on for this proposition, *Engquist v. Oregon Dep't. of Agriculture*, cautioned against expanding this legal theory too far. 478 F.3d 985, 994-96 (9th Cir. 2007). A court should not extend the "class of one" theory where "the need for federal judicial review under equal protection 'is especially thin,'" or where doing so would either upset or transform long-standing law or practices or "generate a flood of new cases." *Id.* at 995. As in *Engquist*, I find the "class of one" theory "too slender a reed on which to base" Errico's putative equal protection claim. *Id.* at 996.

Based on my judicial experience and common sense, Errico's § 1983 claim does not cross the line from possible to plausible.[33] I therefore dismiss it.

### C. RICO claim

Errico's RICO claim against Clark is fatally defective because he cannot show any damages proximately caused by Clark's alleged actions.

> A violation of § 1962(c) . . . requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. . . . In addition, the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation.[34]

The injury suffered must have been proximately, that is "directly," caused by the predicate acts.[35] Here, Errico cannot show that he suffered any damages directly caused by Clark's actions.[36]

---

[31] ECF No. 38 at 25-26.

[32] ECF No. 63 at 20-21.

[33] *Iqbal*, 556 U.S. at 679.

[34] *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

[35] *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 266-268 (1992); *Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1, 18 (2010); *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 456-457 (1991).

[36] Preliminarily, it is unclear whether Errico has suffered any concrete damages. It appears he did not pay any money to settle the malpractice case filed by his client/victim Deeann Clark that was based on her underlying medical malpractice claim. ECF No. 62-7. He apparently suffered no damages regarding Letricia Robinson as she did not file a malpractice claim against Errico. Rather, Errico filed an interpleader action naming Robinson as a potential claimant to funds in Errico's possession. Lacking any concrete damages, Errico would not have standing to

Errico claims that Clark—somehow through Christensen—forced Errico "to choose between settling the malpractice claims and losing his law license. Errico's damages were directly caused by being unlawfully forced by Clark to choose between his law license and continuing to fight the malpractice claims, which is the very type of Hobsons's choice prohibited by the Hobbs Act."[37] First, there are no plausible factual allegations showing that "Christensen made these threats under the direction and control and at the behest of Clark."[38] Such conclusory allegations are insufficient and speculative.[39]

Moreover, Errico's contention that he faced a Hobson's choice is not plausible. The Bar's disciplinary proceedings are independent of any civil malpractice action. "[T]he violation of professional rules of responsibility does not create a private right of action."[40] And payment of a settlement in a civil malpractice claim does not preclude a disciplinary proceeding. Nor should it, as an attorney who violates rules of professional conduct should be subject to discipline, in order to protect the public.

> The public interest therefore requires that in the securing of professional advice and assistance upon matters affecting one's legal rights one must have assurance of competence and integrity . . . .
>
> It is to meet the requirements of public interest that high standards of training and competence are fixed for those who would practice law and that they practice under a strict code of professional ethics and are made answerable to the

---

assert a RICO claim. *Holmes*, 503 U.S. at 279 (O'Connor, concurring in part) (The plaintiff must "have suffered injury in fact. . . . [And RICO's civil remedies are confined] to those whom the defendant has truly injured in some meaningful sense.").

[37] ECF No. 63 at 11.

[38] ECF No 59 at 13, 14.

[39] *Iqbal*, 556 U.S. at 663.

[40] *Mainor v. Nault*, 101 P.3d 308, 320 (Nev. 2004), *as corrected on denial of reh'g* (Apr. 13, 2005). *Cf.*, Nevada Supreme Court Rule 108 ("Before or after a grievance file has been opened, processing of a grievance or complaint shall not be deferred or abated because of substantial similarity to the material allegations of pending criminal or civil litigation, unless authorized, for good cause . . . .").

courts as court officers for the manner in which they meet their professional obligations.[41]

Errico would face disciplinary proceedings regardless of the outcome of the malpractice cases filed against him. The allegation of a Hobson's choice is contradicted by the facts.

Further, Clark's alleged providing of financial records to Christensen was not the proximate cause of Errico's alleged injury because Christensen could have obtained those records through discovery. And Errico gave his financial documents directly to at least one of his client/victims.[42] Because Christensen could have obtained the information without Clark's help, it would be impossible to determine whether Errico would have settled the malpractice cases (and for how much) had Christensen obtained the documents on his own. This is one of the reasons a RICO plaintiff must prove direct causation, because "the less direct an injury is, the more difficult it becomes to ascertain the amount of a plaintiff's damages attributable to the violation, as distinct from other, independent, factors."[43] The requirement of provable, direct causation between the act and the harm avoids "the speculative nature of the proceedings that would follow if" the plaintiff is allowed to proceed without it.[44] "The element of proximate causation recognized in *Holmes* is meant to prevent these types of intricate, uncertain inquiries from overrunning RICO litigation."[45]

In *Bastian v. Petren Resources Corporation*, the plaintiffs alleged that they purchased interests in oil and gas partnerships based on the defendants' misrepresentations.[46] But the complaint did not allege that the misrepresentations or other fraudulent conduct caused those partnership interests to eventually become worthless. The court thus found that the plaintiffs could not show their losses were caused by the alleged RICO violations. "If the plaintiffs would

---

[41] *Pioneer Title Ins. & Tr. Co. v. State Bar of Nev.*, 326 P.2d 408, 410 (Nev. 1958).

[42] ECF No. 62-3 at 3, 11, 21; ECF No. 62-4 at 2-4.

[43] *Holmes*, 503 U.S. at 269.

[44] *Anza*, 547 U.S. at 459–60.

[45] *Id.*

[46] 892 F.2d 680 (7th Cir. 1990).

have lost their shirts in the oil and gas business regardless of the defendants' violations of RICO, they have incurred no loss for which RICO provides a remedy."[47]

Here, there is no direct causation between Clark's alleged actions and Errico's alleged damages. Because Christensen could have obtained the financial information through discovery, and because Errico gave some of the information to his own client, it is impossible to say which damages, if any, were directly caused by Clark. Rather, the direct cause of Errico's damages was Errico's own actions that led to malpractice claims against him. Because Errico cannot show he suffered any damages proximately caused by Clark, he cannot maintain a federal RICO claim under 18 U.S.C. § 1962.[48]

### D. Invasion of privacy claim

Errico's remaining claim (invasion of privacy) arises under state law, and that claim is before me under supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). I may decline to exercise supplemental jurisdiction over a state law claim if I have dismissed all claims over which this court has original jurisdiction.[49] In doing so, I consider whether continuing to exercise supplemental jurisdiction promotes economy, convenience, fairness, and comity.[50] Whether to decline the exercise of supplemental jurisdiction under § 1367(c) lies within my discretion.[51]

---

[47] *Id.* at 686.

[48] The Bar also argues that Errico cannot prove that any of the alleged RICO enterprises (as opposed to the predicate acts) had the requisite effect on interstate commerce to support a RICO claim. *Musick v. Burke*, 913 F.2d 1390, 1398 (9th Cir. 1990) ("plaintiffs must demonstrate that the enterprise which is involved in or benefits from the racketeering activity is one engaged in, or having an effect on, interstate commerce"). Errico alleges three potential enterprises: the Bar, Christensen ("under the direction and control of Clark"), and "Clark and Christensen [as] an association-in-fact enterprise." ECF No. 63 at 12-13. Given my dismissal of the RICO claim on other grounds, I decline to address this issue. Similarly, I express no opinions on whether the Bar, Clark, or the Clark/Christensen association-in-fact allegations are sufficient to prove the existence of an enterprise, or whether Errico could maintain a state RICO claim under Nevada law.

[49] 28 U.S.C. § 1367(c)(3).

[50] *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

[51] *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090 (9th Cir. 2008).

I have dismissed the two claims supporting original jurisdiction in this court. The remaining claim raises issues of Nevada state law, including the duties imposed under the Nevada Supreme Court Rules, and confidentiality and immunity regarding attorney disciplinary proceedings.[52] The interpretation of those Rules, and the potential liability under Nevada law of the state Bar and its former Bar Counsel, are issues best resolved by the Nevada courts. Discovery in this case has been stayed and the case has not progressed so far that concerns about economy or convenience are implicated.[53] Errico's state law claim should be resolved by the state court. I therefore decline to exercise supplemental jurisdiction over Errico's claim of invasion of privacy.

## II. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 62)** is **GRANTED.** The claim against the State Bar of Nevada is dismissed with prejudice. The § 1983 and RICO claims against Clark are dismissed without prejudice. I decline to exercise supplemental jurisdiction over the state law claim against Clark. This case is dismissed. The clerk of the court is directed to enter judgment accordingly.

Dated: September 28, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[52] Clark contends that Nevada Supreme Court Rule 106(1) provides him absolute immunity from liability for civil suits regarding actions taken in connection with disciplinary proceedings. I express no opinion whether, taking Errico's allegations as true, Clark's alleged providing of bank records to Christensen was done in connection with, or outside of, Errico's disciplinary proceedings. I need not reach this issue as I decline to exercise supplemental jurisdiction over this claim.

[53] ECF No. 74.